UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MIGUEL BURGOS,

                Plaintiff,

      -against-                                    9:15-CV-0819 (LEK/DEP)

ANDREW CUOMO, *et al.*,

                Defendants.

**DECISION and ORDER**

**I.    INTRODUCTION**

*Pro se* Plaintiff Miguel Burgos ("Plaintiff") commenced this action by filing a Complaint, together with an Application to proceed *in forma pauperis*. Dkt. Nos. 1 ("Complaint"); 5 ("IFP Application"). Plaintiff thereafter submitted an Amended Complaint which the Court reviewed in place of the original Complaint.[1] Dkt. No. 6 ("Amended Complaint"). By Decision and Order filed September 16, 2015, Plaintiff's IFP Application was granted, but following review of the Amended Complaint in accordance with 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b), the Court found that the Amended Complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 12 ("September 2015 Order"). In light of his *pro se* status, Plaintiff was afforded an opportunity to submit a second amended complaint. Id. Instead of submitting a second amended complaint, Plaintiff submitted a fifteen page submission which contained various quotations, including quotes from Fidel Castro and the Bible, see, e.g., Dkt. No. 15 at 4, 6, 11, and 14; claimed that "pedophile prison guards & friends [were] attempting to cover up their transgressions with little

---

[1] "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." Arce v. Walker, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (quoting Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977)).

girls at home," id. at 7, see also id. at 1-3; and alleged that a Mrs. Mainvilles is "trying to get [plaintiff] murdered . . . due to her relationship with those who are guilty of the murder of a Ms. L. Jones," id. at 12.  There was no caption and no defendants were named.  See id.  Plaintiff's submission did not comply with the September 2015 Order.  In light of his *pro se* status, the Court provided Plaintiff with one final opportunity to comply with the September 2015 Order by allowing him to once again submit a second amended complaint.  Dkt. No. 16.

Presently before the Court is Plaintiff's Second Amended Complaint.  Dkt. No. 23 ("Second Amended Complaint").[2]  The sole Defendant named is Governor Andrew M. Cuomo.  Id. at 1.  As Plaintiff alleged in his earlier submissions, Plaintiff claims that Ms. L. Jones, a former employee of the New York State Department of Corrections and Community Supervision ("DOCCS"), was murdered by prison guards employed by DOCCS and the murder was covered up.  See id.  Plaintiff requests that the "prison guards responsible for the murder of Ms. L. Jones . . . be held in prison for the rest of their lives."  Id. at 5.

Plaintiff's request for the criminal prosecution of others is not cognizable.  With rare exceptions not here relevant, criminal prosecutions are within the exclusive province of the public prosecutor, who has complete discretion over the decision to initiate, continue or cease prosecution. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); Conn. Action Now v. Roberts Plating Co., 457 F.2d 81, 86-87 (2d Cir. 1972) (stating that it is well established that crimes

---

[2] In the Second Amended Complaint, Plaintiff refers to himself as Miguel A. Burgos.  Sec. Am. Compl. at 1.  Plaintiff is referred to on the DOCCS website as Miguel Burgos, therefore this Decision and Order refers to him by that name.  See Inmate Information, N.Y. Dep't of Corr. & Comty. Supervision, http://nysdoccslookup.doccs.ny.gov (information for former inmate Miguel Burgos, DIN 01-A-1394) (last visited Jan. 21, 2016).

2

are prosecuted by the government, not by private parties.); Solomon v. H.P. Action Center, H.P.D., No. 99 Civ. 10352, 1999 WL 1051092, at *1 (S.D.N.Y. Nov. 19, 1999) ("[C]riminal prosecutions are within the exclusive province of the public prosecutor, who has complete discretion over the decision to initiate, continue or cease prosecution."); see also Leeke v. Timmerman, 454 U.S. 83 (1981) (holding that inmates alleging beating by prison guards lack standing to challenge prison officials' request to magistrate not to issue arrest warrants); Lis v. Leahy, No. CIV-90-834E, 1991 WL 99060, at *1 (W.D.N.Y. June 3, 1991) ("A private citizen does not have a constitutional right to initiate or to compel the initiation of criminal proceedings").

After reviewing Plaintiff's Second Amended Complaint, and according it the utmost liberality in light of Plaintiff's *pro se* status, the Court is not able to discern either a factual or legal basis for this action. Plaintiff has not set forth in the Second Amended Complaint any allegations of fact which could be read or interpreted to even suggest the existence of a cognizable claim for the violation of Plaintiff's constitutional or federal statutory rights.[3] Thus, for all of the reasons set forth herein and in the prior Orders of the Court, and because Plaintiff has already had several opportunities to amend his claims, this action is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted.[4]

### III. CONCLUSION

Accordingly, it is hereby:

---

[3] In deference to Plaintiff's *pro se* status, the Court has also reviewed a submission received from Plaintiff on December 10, 2015, see Dkt. No. 22, and finds that it is largely incomprehensible and provides no basis for affording Plaintiff any relief.

[4] Indeed, Plaintiff's claims appear to be so without an arguable basis in law or fact that they could be considered frivolous. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**ORDERED**, that this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted. The Clerk of the Court is directed to close this case; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

DATED: January 27, 2016
Albany, New York

Lawrence E. Kahn
U.S. District Judge